### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

MITCHELL SNOWMAN, individually and )
on behalf of all others similarly situated, )
                                  )
               Plaintiff, )
                                  )
          v. )    C.A. No. 24-1324-JLH-SRF
                                  )
FCA US LLC, )
                                  )
           Defendant. )
                                  )

### <u>ORDER</u>

At Wilmington, this 21st day of November, 2025;

WHEREAS, Magistrate Judge Fallon issued a Report and Recommendation on July 24, 2025 (D.I. 37 (the "R&R")), recommending that the Court grant-in-part Defendant's motion to dismiss the putative consumer class action complaint ("CAC") (D.I. 1-2) for lack of standing under Federal Rule of Civil Procedure 12(b)(1) and failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) (D.I. 17);

WHEREAS, on August 7, 2025, Defendant FCA US LLC ("Defendant") filed objections to the R&R (D.I. 41), objecting to the Magistrate Judge's "denial of its motion as it concerns Plaintiff's omission-based fraud claims, unjust enrichment claim, and implied warranty claim";

WHEREAS, on August 21, 2025, Plaintiff Mitchell Snowman ("Plaintiff"), who brought this action in the Superior Court of California for the County of San Diego individually and on behalf of all persons in California who bought or leased a 2011 or newer Chrysler, Dodge, Jeep, or RAM-branded vehicle equipped with a 3.6L Pentastar Classic V6 engine (the "Class Vehicles"), responded to the objections (D.I. 56);

WHEREAS, on August 29, 2025, Defendant filed a motion for leave to file a reply in support of its objections to the R&R (D.I. 59);

WHEREAS, on September 12, 2025, Plaintiff filed his opposition to Defendant's motion for leave to file a reply in support of his objections to the R&R (D.I. 60);

WHEREAS, on September 19, 2025, Defendant filed a reply in response to Plaintiff's opposition (D.I. 61);

WHEREAS, the Court reviews the R&R *de novo*, *see* 28 U.S.C. § 636(b)(1);

WHEREAS, having reviewed the issue *de novo*, the Court concludes that, for the fraud-based claims (Counts I, III, VI), the CAC plausibly pleads Plaintiff's reliance on an actionable omission;[1]

WHEREAS, having reviewed the issue *de novo*, the Court concludes that, for the fraud-based claims (Counts I, III, VI), the CAC plausibly pleads Defendant's pre-sale knowledge of the defect;[2]

---

[1] Defendant argues that the Magistrate Judge incorrectly concluded that the CAC satisfied Federal Rule of Civil Procedure 9(b) because it did not say "'precisely what was omitted' and its corresponding 'who, what, when, where, and how.'" (D.I. 41 at 2.) I disagree. The CAC plausibly alleges the defect, where Defendant should or could have revealed the defect, and how Plaintiff relied on its omission. The CAC alleges that Defendant withheld information about the Class Vehicles' defective valve train design. (D.I. 1-2 at ¶¶ 3–5, 7, 10, 121, 171.) Plaintiff alleges Defendant never disclosed the defect information on window stickers or in owner's manuals, sales documents, displays, advertisements, warranties, Defendant's website, or STAR case reports. (*Id.* at ¶¶ 88–91.) Plaintiff alleges that "passenger safety and reliability were important factors" to his purchase decision and "none of the information provided to Plaintiff Snowman disclosed any defects in Class Vehicle, Engine, or the powertrain system." (*Id.* at ¶¶ 27–28.) Since the defect adversely impacts vehicle performance and safety, according to the CAC, if Plaintiff would have known of the missing information, then Plaintiff would not have purchased his vehicle at its purchase price or at all. (*Id.* at ¶¶ 7, 13–15, 18, 27–30.)

[2] Defendant contends that "Plaintiff's pre-sale knowledge allegations lack any *factual* underpinning and demonstrate a plain disconnect between his circumstances and those of [Technical Service Bulletins] TSBs and online complaints he depends on." (D.I. 41 at 3.) I

WHEREAS, having reviewed the issue *de novo*, the Court concludes that, for the fraud-based claims (Counts I, III, VI), the CAC plausibly pleads Defendant's duty to disclose the existence of the defect to Plaintiff;[3]

---

disagree. The Court looks at the totality of the allegations when assessing whether presale knowledge has been plausibly alleged. *Opheim v. Volkswagen Aktiengesellschaft*, No. 20-02483, 2021 WL 2621689, at *15 (D.N.J. June 25, 2021) (internal citations and quotation marks omitted). The CAC refers to multiple sources suggesting knowledge of the defect (e.g., technical service bulletins, consumer complaints, online forum posts, etc.). (D.I. 1-2 at ¶¶ 96–99, 101, 105–08.) *See Talley v. Gen. Motors, LLC*, No. 20-01137-SB, 2021 WL 7209448, at *2–3 (D. Del. Nov. 26, 2021) (determining defect knowledge is plausible when complaint referred to preproduction tests, complaints, dealership reports, and demand for replacement parts). Plaintiff's description of the roller finger followers failure defect in Class Vehicles (D.I. 1-2. at ¶¶ 4–7, 98–99, 101), allegations explaining the relation between the "needle bearings" to other components of the valvetrain (*id.* at ¶¶ 56–57, 60, 98, 101), and how the ticking is connected to the components of the valvetrain and the defect (*id.* at ¶¶ 69–80, 98) are consistent with the alleged multiple sources suggesting the defect. Looking at the totality of the allegations, I conclude Plaintiff's allegations are more than generally suggestive allegations and are enough to plausibly allege Defendant's pre-sale knowledge.

[3] Defendant objects to the Magistrate Judge's conclusion that the CAC plausibly alleged a duty to disclose. According to Defendant, the CAC does not allege a safety hazard for which disclosure was required because the alleged "hazard" only occurs if symptoms are left unrepaired, which is no different than any vehicle component failure if left unrepaired. (D.I. 41 at 3.) I disagree. The CAC alleges that "repairing or replacing the defective parts does not resolve the defect because the consumer is left with an engine damaged by defective components and/or receives another defective component in its place." (D.I. 1-2 at ¶ 80.) The CAC also alleges that the defect "causes unsafe driving conditions because the Class Vehicles have a significant chance of failing while being driven[,]" and "even the lesser symptoms of the Defect affect vehicle performance and safety, making it harder for a driver to control the vehicle as it loses power, hesitates, or misfires." (*Id.* ¶ 7.) That is enough to plausibly allege a safety hazard.

Defendant also argues that the existence of a safety hazard is insufficient on its own to plausibly allege a duty to disclose, and that the Magistrate Judge failed to assess other factors required under California law. (D.I. 41 at 4.) "[T]he Ninth Circuit [has] recognized that California cases 'are somewhat vague about the test for determining whether a defendant has a duty to disclose,'" but a complaint does pass muster at least when "'the plaintiff alleges that the omission was material,' 'plead[s] that the defect was central to the product's function,' [and] 'allege[s] one of the four *LiMandri* factors.'" *Clemmens v. Am. Honda Motor Co*., No. 24-09728, 2025 WL 1994018, at *9 (C.D. Cal. July 17, 2025) (citing *Hodsdon v. Mars, Inc.*, 891 F.3d 857, 863 (9th Cir. 2018)). Regardless of whether all three elements are always required, having reviewed the CAC *de novo*, I conclude that all three elements are sufficiently pleaded here. Plaintiff has plausibly alleged a safety hazard (*see, e.g.*, D.I. 1-2 at ¶¶ 7, 12, 15, 72) and that the defect impairs

WHEREAS, having reviewed the issue *de novo*, the Court concludes that the CAC fails to plausibly allege an unjust enrichment claim (Count II);[4]

WHEREAS, having reviewed the issue *de novo*, the Court concludes that the CAC plausibly pleads a claim for breach of implied warranty (Count V);[5]

---

the engine's ability to function and can cause catastrophic engine failure in the Class Vehicles (*see, e.g.*, D.I. 1-2 at ¶¶ 69–76). Plaintiff alleges that Defendant withheld information about the Class Vehicles' defective valve train design before Plaintiff's purchase by failing to disclose it on the window sticker or in owner's manuals, sales documents, displays, advertisements, warranties, the website, or STAR Case reports. (*Id.* ¶¶ 88–91, 96–99, 101, 105–08.) Plaintiff alleges that he wouldn't have bought the vehicle or would have paid less had he been aware of the defect. (*Id.* ¶¶ 13, 23, 29–30.) And Plaintiff sufficiently alleges at least one of the *LiMandri* factors: that Defendant had superior knowledge of material facts not known to Plaintiff. (*Id.* ¶¶ 88–91, 94–99, 101–103.) *See Clemmens*, 2025 WL 1994018, at *8 (citing *LiMandri v. Judkins*, 52 Cal. App. 4th 326, 336 (1997)) (listing "the defendant has exclusive knowledge of material facts not known or reasonably accessible to the plaintiff" as one of *LiMandri* factors).

[4] In support of his unjust enrichment claim, Plaintiff argues that "legal remedies do not adequately compensate all the claimed damages and FCA's conduct is not covered by any express warranty at issue." (D.I. 56 at 7.) But Plaintiff cites no authority suggesting that his unjust enrichment claim would entitle him to restitution in the amount of "all [his] claimed damages." (*Id.*) Nor does Plaintiff explain (or cite authority explaining) how he can succeed under California law under a quasi-contract unjust enrichment theory when there was an express contract (with an express warranty) for the purchase of the vehicle. *See, e.g.*, *Kahn v. FCA US LLC*, No. 19-127, 2019 WL 3955386, at *8 (C.D. Cal. Aug. 2, 2019) (internal quotation marks and citations omitted) (explaining that there is no stand-alone cause of action for unjust enrichment in California, that courts "construe such causes of action as a quasi-contract claim seeking restitution[,]" and that a quasi-contract action can't proceed where there is an express contract between the parties). Plaintiff's contention that he is seeking "injunctive relief" (D.I. 56 at 7) is beside the point. The CAC fails to state a claim for unjust enrichment; it is irrelevant that Plaintiff desires injunctive relief.

[5] Defendant contends that Plaintiff's vehicle was merchantable at the time of sale, but the CAC alleges that the defect existed in all Class Vehicles at the time of purchase. (D.I. 1-2 at ¶¶ 7–8, 68–80.) Furthermore, Plaintiff need not allege the vehicle cannot provide transportation to plausibly plead unmerchantability. *Baranco v. Ford Motor Co*., 294 F. Supp. 3d 950, 976–77 (N.D. Cal. 2018).

WHEREAS, having reviewed the issue *de novo*, the Court concludes that the CAC plausibly pleads a California Unfair Competition Law ("UCL") claim to the extent the claim is based on omissions (Count VI);[6]

WHEREAS, having reviewed the issue *de novo*, the Court rejects Defendant's argument that certain claims (Counts III, V, and VI) must be dismissed at this early stage as time-barred;[7]

---

[6] As the R&R explained, "[t]he California UCL proscribes 'unfair competition,' which is defined as 'any unlawful, unfair or fraudulent business act or practice.'" (D.I. 37 at 17 (quoting Cal. Bus. & Prof. Code § 17200).) Each of the "unlawful," "unfair," and "fraudulent" prongs of the UCL provides a separate theory of liability. (*Id.* at 17–18.) Defendant says that the CAC fails to allege sufficient facts to proceed under any of the three theories (D.I. 18 at 18 & n.7); however, Defendant agrees that a UCL "unlawful" claim may proceed if the Court declines to dismiss the other fraud-based claims (D.I. 41 at 7; D.I. 29 at 10). The Court is not dismissing the other fraud-based claims, and so it will not dismiss the UCL claim.

Defendant also argues that the UCL claim should be dismissed because Plaintiff has an adequate remedy at law. (D.I. 41 at 8; D.I. 29 at 10.)But the CAC alleges non-monetary harm and seeks equitable relief, and I can't say that is implausible at this early stage of the case. (*See, e.g.*, D.I. 1-2 at ¶¶ 37, 265.) *See Turner v. Porsche Cars N. Am., Inc.*, No. 23-06465, 2023 WL 8788754, at *6 (C.D. Cal. Dec. 19, 2023) ("While the Court does not typically require parties to plead magic words to survive dismissal, [the] Court has interpreted the Ninth Circuit's guidance on this particular issue as, at the very least, requiring a simple allegation that legal remedies are inadequate in order to state an equitable claim for relief."); *see also Crowder v. Shade Store, LLC*, No. 23-02331, 2025 WL 754067, at *3–4 (N.D. Cal. Mar. 10, 2025) (finding sufficient allegations that "without an injunction, Plaintiffs are 'unable to rely on Defendant's advertising in the future, and so cannot purchase Products they would like to purchase'").

[7] Under the discovery rule, the limitations period does not begin to run until the plaintiff discovers, or has reason to discover, the basis for the claim. *See Cabrera v. Ford Motor Co.*, No. 23-1775, 2024 WL 4101907, at *5 (S.D. Cal. June 4, 2024) (citing *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal.4th 797, 806 (2005)). "[W]hen 'the pleading does not reveal when the limitations period began to run . . . the statute of limitations cannot justify Rule 12 dismissal.'" *Schmidt v. Skolas*, 770 F.3d 241, 251 (3d Cir. 2014) (citing *Barefoot Architect, Inc. v. Bunge*, 632 F.3d 822, 835 (3d Cir. 2011)); *cf. Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010). I cannot say at this early stage that the allegations in the CAC definitely show that the discovery rule does not apply and the claims are time-barred, as it is plausible that Plaintiff could not discover the defect until at least January 2022. (D.I. 1-2 at ¶¶ 32–34, 152–54.) In addition, I agree with the Magistrate Judge that "it is plausible to infer that the fraudulent concealment doctrine tolls the statute of limitations" for Count V. (D.I. 37 at 22–23.)

WHEREAS, no party filed objections to the remainder of the R&R under Rule 72(b)(2) of the Federal Rules of Civil Procedure in the prescribed period, and the Court finding no clear error on the face of the remainder of the R&R;

NOW, THEREFORE, IT IS HEREBY ORDERED that

1. Defendant's motion for leave to file a reply in support of its objections to the R&R (D.I. 59) is GRANTED.[8]  The Court has reviewed all the parties' briefing in rendering this decision.

2. Defendant's objections to the R&R (D.I. 41) are SUSTAINED-IN-PART and OVERRULED-IN-PART, and the Report and Recommendation issued on July 24, 2025 (D.I. 37) is ADOPTED-IN PART.

3. Defendant's motion to dismiss (D.I. 17) is GRANTED-IN-PART and DENIED-IN-PART:

    a. The motion is GRANTED as to Count II (Unjust Enrichment); Count II against Defendant is DISMISSED;

    b. The motion is GRANTED as to Count IV (Express Warranty); Count IV against Defendant is DISMISSED;

    c. The motion is DENIED as to Counts I (Common Law Fraud), III (CLRA Claim), and VI (UCL Claim) to the extent those claims are based on omissions; and

    d. The motion is DENIED as to Count V (Implied Warranty).

The Honorable Jennifer L. Hall
UNITED STATES DISTRICT JUDGE

---

[8] Given that Defendant's motion already contains its reply arguments, the Court does not interpret the motion as requesting to file even more briefing.